### SCHANZ v. BRAMWELL.

(Supreme Court, Appellate Term, First Department.  November 13, 1913.)

SALES (§ 161*)—DELIVERY—LIABILITY FOR LOSS.

Where defendant ordered a suit of clothes from plaintiff, and telephoned him to ship them to a certain point, without designating any carrier, defendant is liable for the price of the goods, upon their loss in route, under the general rule of law, as well as under Sales Law (Personal Property Law [Consol. Laws 1909, c. 41]) § 127, subd. 1, as added by Laws 1911, c. 571, making delivery to a carrier, whether named by the buyer or not, a delivery to the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. § 161.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Schanz against William Bramwell.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Herman Goldman, of New York City (Joseph T. Weed, of counsel), for appellant.

Julius Offenbach, of New York City, for respondent.

BIJUR, J.  Defendant ordered a suit of clothes to be made for him by plaintiff.  Subsequently he telephoned plaintiff to ship them to him at Long Beach, without designating any carrier.  Plaintiff delivered the clothes to a carrier for shipment to Long Beach, but they appear to have been lost.  Defendant is liable for the goods, not only on general principles of law, but under Sales Law, § 127, subd. 1.  It is quite clear from the evidence that this case does not fall within the exception contained in section 100, rule 5.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes