## CONROY v. BARRETT.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

CARRIERS ☞72—EXPRESS COMPANY—LOSS OF PROPERTY—RIGHT OF ACTION.

Under Personal Property Law (Consol. Laws, c. 41) § 100, added by Laws 1911, c. 571, containing rules for ascertaining the intention of parties as to the time when the property in goods should pass, and rule 5 thereof, providing that, if the contract of sale requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the transportation, the property shall not pass until the goods have been delivered, the seller of a diamond ring, who agreed to deliver it to the buyer's address, and who delivered it to an agent of an express company and took a receipt, retained title until the delivery had been made, and hence had a right of action against the express company to recover for its loss.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 243–250, 258–261, 266–269; Dec. Dig. ☞72.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Benjamin J. Conroy against William M. Barrett, as President of the Adams Express Company. From a judgment dismissing the plaintiff's complaint in a trial before the court and a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Grout & McKinney, of New York City (F. Sidney Williams, of New York City, of counsel), for appellant.

Edward V. Conwell, of New York City, for respondent.

COHALAN, J. This action was brought by the plaintiff, as an assignee, to recover the sum of $55 for the loss of a diamond ring. It appears that on March 28, 1914, Alice J. Burns purchased a diamond ring in the store of Abraham & Strauss, in the borough of Brooklyn. She gave her address as "Greenwich, Conn., Rural Delivery 26." It was agreed between her and the salesman in the diamond department that the vendors would deliver the ring to her in Greenwich. The ring was sealed in a small box, the same was securely wrapped, and after passing through several hands was delivered to the agent of the Adams Express Company. His receipt in evidence showed that a valuation of $55 was placed upon the article. On March 31, 1914, the package was delivered to the consignee by the Adams Express Company in Greenwich, and when opened the ring was missing.

At the conclusion of the plaintiff's case the court dismissed the complaint, on the ground that the title of the property was in the consignee, and the plaintiff was without power to institute the action. It is a fair inference to be drawn from the memorandum of the sale—the receipt of the Adams Express Company, showing that the delivery charges were paid by the consignors—and from the testimony of the sales agent that the agreement provided for a delivery, and the transaction was not completed until the ring was delivered to the consignee

at the designated address. If this be so, the plaintiff has brought himself within rule 5 of section 100 of the Personal Property Law (Laws 1911, c. 571). The section and rule in part read:

"Sec. 100. *Rules for Ascertaining Intention.* Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer: * * *

"Rule 5. If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

The contract not only required the sellers to deliver the goods to the buyer, but it also required the sellers to deliver the article at a particular place. The sellers having agreed to make the delivery, they were bound to see that that delivery was properly made, and the title to the article remained in them until the agreement of sale and delivery had been completed. If the vendee, instead of stipulating at the time of the sale that the ring was to be delivered to her in Greenwich, had said nothing about such a delivery, but at some subsequent time authorized the vendors to send it to her by carrier, then the provisions of section 127 of the Personal Property Law might be applicable to the situation. Schanz v. Bramwell (Sup.) 143 N. Y. Supp. 1057. But in this case a stipulation of delivery was made at the time of the sale, and the agreement to deliver was an essential part of the transaction.

On the whole case the plaintiff was entitled to the most favorable inferences to be drawn from the evidence, and it was error on the part of the court to dismiss the complaint.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.